```
         IN THE UNITED STATES DISTRICT COURT
       FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                     AT BLUEFIELD
```

**UNITED STATES OF AMERICA**

**v.**                              **CRIMINAL NO. 1:13-00204-001**

**RICHARD TRAVIS ROBINETTE, JR.**

## MEMORANDUM OPINION AND ORDER

Pending before the court is defendant's motion, pursuant to 18 U.S.C. § 3582(c)(2), for a reduction in his sentence based on a subsequent reduction in the applicable sentencing guideline. (Doc. No. 81). On April 30, 2014, the United States Sentencing Commission submitted to Congress an amendment to the federal sentencing guidelines that reduces the guidelines applicable to drug trafficking offenses. Specifically, Amendment 782 reduces by two the offense levels assigned in the Drug Quantity Table, resulting in lower guideline ranges for most drug trafficking offenses. Amendment 782, sometimes called "drugs minus two" or the "2014 drug guidelines amendment," took effect on November 1, 2014. On July 18, 2014, the Sentencing Commission voted to give retroactive effect to Amendment 782. Amendment 782 is however subject to the following limitation: "The court shall not order a reduced term of imprisonment based on Amendment 782 unless the effective date of the court's order is November 1, 2015, or later." U.S.S.G. § 1B1.10(e)(1). Counsel was appointed to

represent defendant and the parties were directed to file memoranda in support of their positions.

The Court has received and considered the original Presentence Investigation Report (PSI), original Judgment and Commitment Order and Statement of Reasons, addendum to the PSI received from the Probation Office, and any materials submitted by the parties on this issue.[1]  The Court has also considered the applicable factors under 18 U.S.C. § 3553(a), consistent with § 3582(c)(2), and public safety.

Based on the foregoing considerations, defendant's motion is **GRANTED** and the court **ORDERS** that defendant's base offense level be reduced by two levels, resulting in a new total offense level of 21.  It is further **ORDERED** that defendant's previous sentence be reduced to 70 months.  This Order is subject to the prohibitions contained within U.S.S.G. § 1B1.10(b)(2)(c) and U.S.S.G. § 1B1.10(e)(1).[2]

---

[1] Defendant filed a motion to extend the deadline for filing his memorandum in support of his motion. (Doc. No. 84). That motion is **GRANTED** and his response is deemed to have been timely filed.

[2] Defendant has also filed a letter motion asking for a further reduction in time or house arrest in order to help take care of his father. (Doc. No. 104).  The court may not modify a term of imprisonment once it has been imposed except in very limited circumstances, none of which are presented by defendant's letter motion.  See 18 U.S.C. § 3582(c); U.S. v. Hudson, 2002 WL 1980686 (10th Cir. 2002); U.S. v. Fraley, 988 F.2d 4 (4th Cir. 1993).  Accordingly, defendant's request for relief on the basis of his father's health is **DENIED.**

The Clerk is **DIRECTED** to send a copy of this Memorandum Opinion and Judgment Order to defendant, the Federal Public Defender, counsel of record, the United States Marshal for the Southern District of West Virginia, and to the United States Probation Office for forwarding to the Sentencing Commission and Bureau of Prisons.

**IT IS SO ORDERED** this 21st day of April, 2016.

ENTER:

_David A. Faber_
David A. Faber
Senior United States District Judge